IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| LEONARD HENRY | : | |
| Petitioner | : | CIVIL NO. 3:CV-12-1195 |
| v. | : | |
| | : | (Judge Conaboy) |
| DAVID J. EBBERT, | : | |
| Respondent | : | |

_____

**MEMORANDUM**
**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Leonard Henry, an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan). Named as Respondent is USP-Canaan Warden David J. Ebbert. Petitioner has also filed a request for leave to proceed in forma pauperis. See Doc. 2. For the reasons outlined below, Henry will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter, however, his petition will be dismissed as a second or successive petition and for lack of jurisdiction.

Henry and his co-defendants were arrested in Miami, Florida and charged with a number of drug and firearm related offenses. See Henry v. Holt, Civil No. 3:09-CV-644, 2009 WL 1609403 *1 (M.D. Pa. June 9, 2009)(Vanaskie). Following a jury trial in the United

1

States District Court for the Southern District of Florida, Petitioner was found guilty of all counts, including Count Three which charged him with possession of a machine gun in violation of 18 U.S. C. §§ 922(o)(1), 924(a)(2), and 2. See id. Henry's convictions resulted in an aggregate term of life imprisonment plus thirty (30) years which was imposed by the Southern District of Florida on June 2, 1995.

According to his Petition, Henry unsuccessfully appealed his conviction to the United States Court of Appeals for the Eleventh Circuit. See Doc. 1, ¶ 7. Henry also indicates that he filed a petition for relief pursuant to 28 U.S.C. § 2255, which was denied by both the trial court and the Court of Appeals.[1] See id. at ¶ 10.

Petitioner's pending action challenges the legality of his federal possession of a machine gun conviction and the resulting sentence. See Doc. 1, ¶ 5. He contends that the trial court failed to give proper jury instructions with respect to the definition of a machine gun and that the government failed to prove beyond a reasonable doubt facts which satisfied the statutory definition of a machine gun.

## Discussion

On April 8, 2009, Henry filed a similar § 2241 action with

---

[1] Henry has also filed two (2) petitions for writs of certiorari, which were denied by the United States Supreme Court. See Henry v. United States, 540 U.S. 1156 (2004), and Henry v. United States, 129 S. Ct. 615 (2008).

Judge Vanaskie this Court.  See Henry, 2009 WL 1609403 *1.  Both actions similarly challenged the legality of Petitioner's possession of a machine gun conviction.  By Memorandum and Order dated June 9, 2009, Petitioner's initially filed action was dismissed by Judge Vanaskie for lack of jurisdiction on the basis that his challenge to his machine gun conviction could not be properly asserted in a § 2241 action.[2]  See id. at * 2.

Section 2241 petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (the Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).  Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

28 U.S.C. § 2244(a) and Rule 9(b)[3] of the Rules Governing

---

[2] Petitioner was advised that he could challenge his machine gun conviction in a second § 2255 action after obtaining the necessary authorization from the Eleventh Circuit Court of Appeals.

[3] Rule 9(b) of the Habeas Corpus Rules provides:
A second or successive petition may be dismissed if the
(continued...)

3

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention including § 2241 petitions which challenge the execution of a federal sentence).

The Supreme Court in McCleskey vs. Zant, 499 U.S. 467, 483 (1991) expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

Following the 1996 amendments, Section 2244 now provides in relevant part:

> (a)   No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United states if it appears that the legality of such detention has been determined by a judge or court of the United States

---

[3](...continued)
judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

4

      on a prior application for a writ of habeas corpus, except as provided in section 2255.

 (B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

   (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

    (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or

    (B) (i) the factual predicate for the claim could not have been discovered previously through the existence of due diligence; and

     (ii) the facts underlying the claim, if proven and viewed in the light as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

   (3) (A) Before a second or successive application permitted by this section is filed in the district court.  The applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

  Henry clearly filed a prior § 2241 action in this district court regarding the same machine gun conviction which is the subject of his pending action.  Petitioner's claim that the government failed to prove beyond a reasonable doubt facts which satisfied the statutory definition of a machine gun was clearly included in his initial § 2441 action.  Although his pending matter does not include his present faulty jury instruction claim, Petitioner has not presented any substantive arguments as to why he

5

failed to include that new assertion in his prior federal habeas petition.  It is particularly noted that there is still no claim by Henry that his § 2255 remedy is inadequate or ineffective as contemplated in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997) and Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009).

The pending Petition fails to show that Henry instant claims fall within the statutory exceptions for pursuing a second or successive habeas corpus petition.  There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit.  Consequently, under the standards announced in McCleskey and the requirements set forth in § 2244(a), Henry's pending case is a second or successive petition which cannot be entertained by this Court.

Furthermore, Petitioner has again failed to establish that his § 2255 remedy is inadequate to test the legality of his machine gun conviction which likewise warrants dismissal of this action.  An appropriate Order will enter.


                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge

DATED: JULY 10, 2012